**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1472-20

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

RASHEED M. PHILLIPS,

    Defendant-Respondent.

_____

Argued June 1, 2021 – Decided June 15, 2021

Before Judges Rothstadt and Susswein.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 18-01-0074.

John J. Santoliquido, Assistant Prosecutor, argued the cause for appellant (Damon G. Tyner, Atlantic County Prosecutor, attorney; John J. Santoliquido, of counsel and on the brief).

Tamar Y. Lerer, Assistant Deputy Public Defender, argued the cause for respondent (Joseph E. Krakora, Public Defender, attorney; Tamar Y. Lerer, of counsel and on the brief).

PER CURIAM

This matter returns to us for the third time after two prior remands relating to the trial court's decision on defendant's motion to suppress evidence. See State v. Phillips, Docket No. A-3953-18 (App. Div. Nov. 18, 2019) (Phillips I); State v. Phillips, Docket No. A-3939-19 (App. Div. Nov. 13, 2020) (Phillips II). The matter is again before us after we granted the State's latest motion for leave to appeal from the trial court's granting of defendant's motion to suppress. The trial court considered the matter on the record on December 14, 2020 before entering its order on December 21, 2020 suppressing the evidence seized from defendant's hotel room as more particularly described in our earlier opinions. See Phillips I, slip op. at 3-5; Phillips II, slip op. at 3-4.

On appeal, the State argues that contrary to the trial court's conclusion, the seizure of the suppressed evidence was "authorized under the plain view and exigent circumstance exceptions to the warrant requirement." We disagree.

At the December 14, 2020 remand hearing, the trial court placed on the record the entire history of the matter including its understanding of our earlier decisions. The court then recounted the testimony from the suppression hearing and analyzed whether exigent circumstances existed at the time of the incident that would warrant police officers' entry into the room where defendant had been staying. Thereafter, it made specific findings as to each of the factors we

directed should be considered as set forth in our last opinion. See Phillips II, slip op. at 8. After placing its findings as to each factor on the record, the court concluded that there were no exigent circumstances because the police "could have arrested [defendant] at the doorway, in the hallway. There was no reason for them to enter that room, and . . . the State has not proven by a preponderance of the evidenced that there were exigent circumstances." This appeal followed.

Accepting as we must the trial court's factual findings that are supported by sufficient credible evidence, and applying our de novo standard of review to the trial court's legal conclusions, see State v. Harris, 457 N.J. Super. 34, 43-44 (App. Div. 2018), we conclude that the trial court's latest determination was legally correct, substantially for the reasons stated by the trial court in its oral decision of December 14, 2020. We only add that it was the State's burden to establish that it was reasonably necessary to enter defendant's room based on exigent circumstances rather then bring him into the hallway in order to effectuate his arrest for a disorderly persons offense[1] and it failed to do so

---

[1] As we previously recounted, defendant was arrested because a police officer who was standing in the hallway saw a marijuana cigarette on defendant's bed when defendant opened his door. After the officer entered the room to arrest defendant, he saw additional suspected controlled dangerous substances that were seized and provided the basis for the more serious charges brought against defendant. See Phillips I, slip op. at 4-5.

because, as the trial court found, there simply were no exigencies under the totality of the circumstances presented in this case.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1472-20